23-6-3-0, Roselien v. U.S. Thank you. Morning, Your Honor. It's Paul Skip Lasier for Give us one second to get settled here. I'm sorry? Appreciate that. Sorry. Thank you. Paul Skip Lasier for Jeff Roselien. In the case Cook v. United States, this court noted that it was not deciding whether a complete miscarriage of justice would render a collateral attack waiver unenforceable. This is that case. Because the conspiracy to commit Hobbs Act robbery is not a crime of violence, a complete miscarriage of justice would result from the enforcement of the waiver in this case. In Bonilla v. Rigi, this court has said that being convicted of a law that is not criminal conduct that is no longer criminal is a fundamental violation of a fundamental right. And that's what happens here because the conspiracy to commit Hobbs Act robbery is no longer a crime of violence that could be subject to the seven-year enhancement. In Cook, the court did say that subsequent changes of law does not amount to a waiver being unenforceable. But the miscarriage of justice question remained open. And in Cook, this court did not reach it because the defendant had admitted to completed Hobbs Act robbery acts. So therefore, the conspiracy part of it was not going to be a miscarriage of justice. That's not the case here. Your client admitted to both Hobbs Act conspiracy and the commission of the actual commission of a robbery. I disagree, Your Honor. He said that his role was to be the getaway driver. Plaintiff's agreement says the defendant stipulates and agrees that one, he conspired to commit and committed a gunpoint Hobbs Act robbery on at least three separate occasions. That refers to the other cases, the three other crimes. He was not admitting to those crimes. He was stipulating to them for the purpose of sentencing. So there was no allocution in the plea with respect to those crimes. Did he not, though, my understanding, and I guess I need to read it if you're telling me I'm misunderstood, is that he pled guilty to conspiracy to commit Hobbs Act robbery in connection with the Mill Park pharmacy robbery, but also allocated to substantive Hobbs Act robbery in connection with that same pharmacy. I'm not talking about the other three now. Right. I disagree. From the allocution there, he was saying that he knew that other people had gone into the pharmacy, but he never said he drove the getaway car. He said that was his role in agreeing and conspiring. I don't think that allocution had had been on the completed act would have been sufficient. And he wasn't motivated to distinguish between Hobbs Act robbery and conspiracy because that wasn't on the table. So any ambiguity with respect to that allocation should be resolved in his favor, not assuming that he was admitting to these elements. And he didn't really admit to the elements. And under Cook, do you think that the answer turns on what the allocution shows? It strikes me that in Cook, the panel's conclusion that there were alternate valid predicates to support the 924C, even in the face of the invalidity of the one that was purported basis. The court didn't rely solely on the allocution. It relied on the record as it appeared more broadly. Am I misremembering that? It's unclear to me specifically, Your discussed in the decision itself are not clear on that point. And I could not find the district court decision. But I believe that, and of course the court will be able to tell this, that there were other crimes alleged that could have been used in that case instead of the conspiracy count. And there's nothing else here. There was only two counts. So there was never a charge of substantive Hobbs Act robbery as it related to the mill park. Exactly. That's what I believe the difference is. Once you eliminate the Hobbs Act robbery, there's nothing in the indictment that they could have hung that enhancement on. And so that's the difference between the two cases as I read them. There's also another thing to be considered when we're discussing. Didn't your client admit stipulate that he committed substantive Hobbs Act robbery as to this way pharmacy and mill barn and maybe another one? I don't believe so, Your Honor. First of all, there was no allocution to those in his plea. But more over, those weren't charged. They were never charged. Those were uncharged crimes. So there wasn't any substantive count that could have been the basis of an enhancement under 924C. So why was he admitted to them? For the purpose of sentencing. That was part of the plea agreement that he would get enhanced numbers of months based on those crimes. And the government said we won't charge you with them and we won't prosecute them as long as you accept time for them. And so he, for the purposes of sentencing, admitted to those. So he admitted to be sentenced on the basis of crimes that he didn't commit? That's right. That's exactly right. So if we understand it's fair that you're not sure how the court got to that footnote in Cook because it's a pretty small piece of discussion. But if we understand that in Cook the court didn't rely solely on permissions and allocution but looked to the record, which might include for example the PSR, to conclude whether there's an alternate valid predicate on the theory that it's not a miscarriage of justice if you can infer from the record that there were other charges that the government could have brought and didn't necessarily have to conclude that they're proven beyond a reasonable doubt but that they're in the mix that the government could have brought, there's not a miscarriage of justice. If that's how we read Cook, does that undercut your argument? I believe it does. And I don't think that that's the way Cook should be read. I think the line is a nice bright one, which is what was in the indictment, what was charged, as opposed to what other uncharged, unproven crimes they might have brought into the case and might have gotten the defendant to admit. It's all pretty speculative. Why would the defendant admit to crimes in connection with a plea agreement that he said he didn't commit? To get the benefit of the plea agreement. Sorry? To get the benefit of less time. So in other words, the government did not want to give him the minimum. They needed to get to more months in prison. The way they did that was to have him admit to criminal conduct that they had never charged and therefore to sentence him based on those bad acts that were not charged and not convicted. And he admitted for the purposes of sentencing to those bad acts without actually having admitted the crimes themselves. When I look at the plea agreement, and I'm looking at 823 now and paragraph 2 of the plea agreement, it says the defendant stipulates and agrees that 1. He conspired to commit and committed a gunpoint Hobbs Act robbery of Living Word. Living Word says robbery, I'm guessing that's a pharmacy. 2. He conspired to commit and committed a gunpoint Hobbs Act robbery of This Way Pharmacy. 3. He conspired to commit and committed a gunpoint Hobbs Act robbery of Millbar Pharmacy. And it gives the dates and the addresses. You're saying that was for the purpose of sentencing. There's no qualification there. It's not that he's stipulating that he can be sentenced as if that were true. He's stipulating to admitting those. I guess I'm struggling with this distinction. I understand why you are. And my only answer to that is that those items were never allocated. He never admitted them in court. They were uncharged. How can you admit to a crime that's not charged and is not indicted for and have it be substantively used against him? It's an odd sort of circumstance for these purposes. I mean, in Cook, there wasn't a who hadn't allocated to the alternate valid predicates. The court looked and said it's clear that was within the realm of charges that were kicking around, essentially, at the time of the plea agreement. He would have been charged. So I guess I'm trying to figure out how you would distinguish this. All I can say is, and Your Honor will have the record of Cook to refer to, that if there were other crimes charged then those could have been possibly used even though they weren't specified as opposed to uncharged crimes. I understand. There's no further questions. We'll get you back for a minute. Thank you, Your Honor. May it please the court, my name is Russell Noble. I'm an assistant U.S. attorney in the Eastern District of New York. In this case, in exchange for significant benefits in his plea agreement, the defendant agreed to a clear and explicit waiver of his right to file a collateral attack. He read the agreement, reviewed it with his attorney, and confirmed to the court that he understood its terms and that it represented the entirety of his agreement with the government. He then reaped the benefits of that agreement, including the government's promise not to prosecute him for three other Hobbs Act robberies and associated firearms offenses that he did admit to in the text of the agreement. A straightforward application of this court's ruling in Cook v. United States makes clear that the district court's denial of his habeas petition should be affirmed. Appellant has argued that Cook is inapplicable here because the charges in Cook are different from the charges in this case, but that's actually not the case. In Cook, the defendant had been charged by a superseding indictment with one count of conspiracy to commit Hobbs Act robbery, and he also was charged in an information with one count of 924C. As in this case, there were no other charges besides conspiracy to commit Hobbs Act robbery and 924C. It's clear from the footnote 4 in Cook that the court was concerned not with the charges that were brought on the indictment, but with the underlying conduct to ensure that a person had not been convicted of a crime for which they were actually innocent. Here, the defendant's underlying conduct in the record is clear. He both committed a substantive Hobbs Act robbery of the Mill Park Pharmacy and committed three additional substantive Hobbs Act robberies and firearms offenses of three other pharmacies. He should not be permitted to withdraw his admission in his plea agreement that he did in fact commit those robberies just because he no longer appreciates the outcome of that agreement. The argument, we focused on sort of what I'm calling the third argument, the argument that when he pled guilty, he did so with the advice, the misadvice of counsel that he would be able to challenge the indictment post-plea I suppose that is that sort of the kind of claim that involves extrinsic evidence that would have to really play out more in post-conviction relief, if at all? Your Honor, I think the record at the time of the plea shows that there was no understanding that he was reserving any right to challenge his conviction. The language in the plea agreement is unequivocal. He waives the right to challenge his conviction or sentence by any 2255 motion. There's no discussion of any exception to that waiver at his allocution or at any point in the plea proceeding. Appellants claim that his attorney's comments at sentencing six months later are relevant to his understanding at the time of the plea agreement, I think should be rejected for at least two reasons. First of all, those comments were made six months after he pled, and so have very limited relevance to his understanding at the time of the plea agreement. Secondly, counsel's comments at sentencing reference D'Amia v. Sessions and Hill, both cases that had not been decided at the time he entered the plea agreement. So certainly those are not decisions that could have factored into his understanding of his waiver at that time. Even if the court were to consider defense counsel's comments at sentencing as relevant to the defendant's understanding at the time of the plea agreement, what they show is that defendant had discussed with his attorney whether these cases mean that he should withdraw his plea or not. And clearly he decided not to withdraw his plea. That shows an understanding that in order to get the benefit of any subsequent case law, he would have had to withdraw his plea. And he understood that, and he chose to move forward anyway at sentencing. I do also want to address the defendant's allocution at the plea. Appellant has argued that that allocution is not sufficient for substantive Hobbs Act robbery. I think that it is sufficient. He says that my role was as the driver, and my role was to drive the getaway car. During the robberies, guns were used while I waited outside. The court then confirms with him that it was his role to drive what we call the getaway car, to help them get away from the scene of the robbery. This allocution shows that he was present there at the robbery. He knew that guns were used, and he was present in his role as the getaway driver. Was he charged also under Section 2, charges in 8 or better? One moment, please, Your Honor. He was There is an inclusion of Subsection 2 under Count 2, so he was charged with aiding and abetting the use of a firearm. Count 2 for the robbery of Mill Park Pharmacy. Unless the court has any further questions, I can rest on my papers and ask that the court affirm. Thank you. Thank you very briefly. I would like to just quote from footnote 4 of Cook. The defendants here admitted to having engaged in an armed robbery of a drug dealer in which the victim was gunned down. That's very specific, and I think that's different from our case. With respect to the How is that different from your case, substitute? Well, as I said before, he said he was basically allocuting to his role in the planning of this, as opposed to saying he participated in an armed robbery. I think, as I said, because of the qualifications that he put in that allocution, the fact that he was talking about actual conduct by his co-defendants doesn't mean that he said he was actually doing anything, that he had planned to do it. The footnote says otherwise in Cook. But he was convicted as an aider and abetter, right? Right. With respect to the allocution about Hill, defense counsel was talking in terms, and if you read it, in terms of current understanding that I say is the overall understanding of the entire case. They're waiting for something good to happen in the Supreme Court. The fact that Hill was decided or was not decided before the plea doesn't mean that they weren't well aware of the possibility of the 924C going down. The way counsel said it was like, we're hopeful. That's it. That's all I have. Thank you.